**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| WILBERT JONES, | * | |
| Petitioner, | * | CASE NO. 5:05-CV-45 WDO |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:03-CR-4 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### <u>Procedural History</u>

Petitioner Jones was indicted on January 15, 2003 (R-1). He was charged, in five of the eight Counts contained in the Indictment, with various Schedule II controlled substance offenses. On June 17, 2003, Petitioner Jones entered into a Plea Agreement with the Government (R-72) and pled guilty to Count VIII of the indictment, to wit., that he, in concert with others, did possess with the intent to distribute cocaine base, also known as "crack" cocaine, in an amount in excess of 5 grams in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(B)(iii),and 18 U.S.C.§2.

In ¶ (3) of the Plea Agreement, Petitioner Jones acknowledged his guilt of the offense charged in Count Eight and further stipulated that he understood that his guilty plea would subject him to a statutory penalty of a **mandatory minimum of five (5) years, with a**

**maximum of forty (40) years imprisonment**. (emphasis in original).  In ¶ 7 of the Plea Agreement, Petitioner Jones further stipulated that "for the purpose of relevant conduct under U.S.S.G. § 1B1.1, Defendant's sentence will be based on 43.05 grams of crack cocaine."

The court sentenced Petitioner Jones on September 12, 2003, to a term of imprisonment of 200 months (R-84).  No appeal of the sentence was filed and the sentence, therefore, became final on September 23, 2003.  See Rule 4(b), Fed.R.App.Procedure.

Petitioner Jones wrote the sentencing Judge a letter dated January 19, 2005, seeking advice as to whether he could file under the new ruling, "*Blakely v. Washington.*" (R-89). He was advised that the Judge could not give him legal advice, and on February 9, 2005, Petitioner Jones filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R-93), presently under preliminary consideration.

### Petitioner's Claim

Petitioner Jones makes a single claim in his § 2255 Motion.  He alleges:

> Ground one: Enhancements given unconstitutional in violation of Sixth Amendment Rights.
>   Relevant Conduct comprising cause for enhancements due to career criminal status and past criminal history addition to instant offense ruled upon recently by Supreme Court is unconstitutional.

Petitioner Jones apparently recognizes that his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is outside the AEDPA one-year period in which he is statutorily authorized to file such a collateral attack on his sentence.   The relevant portion of The Anti-Terrorism and Effective Death Penalty Act (AEDPA), codified

as part of 28 U.S.C. § 2255, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
>> (3) *the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review* ( emphasis added), or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Jones' sentence became final on September 23, 2003, as shown above, and his inquiry, however artful, is whether the recently decided *Blakely* case establishes a "right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

### Conclusions of Law

In *Blakely v. Washington*, 124 S.Ct. 2331 (2004), the Supreme Court struck down a Washington-state sentencing proceeding in which the judge imposed punishment that the jury's verdict alone did not allow.   The Eleventh Circuit Court of Appeals in *In re Dean,* 375 F.3d 1287 (11th Cir. July 9, 2004),  held:

> In *Blakely,* the United States Supreme Court revisited the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63(2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

3

submitted to a jury and proved beyond a reasonable doubt."
*Blakely,* 124 S.Ct. at 2536.  The Court considered whether
the sentencing procedure followed by the courts in the State
of Washington deprived Blakely of his "federal constitutional
right to have a jury determine beyond a reasonable doubt all
facts legally essential to his sentence."  *Id.,* at 2536.

No court has yet determined whether *Blakely* created a new
rule of constitutional law made retroactive to cases on
collateral review.

Regardless of whether *Blakely* established a "new rule of
constitutional law" within the meaning of § § 2244(b)(2)(A)
and 2255, the Supreme Court has not expressly declared
*Blakely* to be retroactive to cases on collateral review.   . . .
In fact, the Supreme Court has strongly implied that *Blakely*
is not to be applied retroactively.  The same day the Supreme
Court decided *Blakely,* the Court also issued its decision in
*Schriro v. Summerlin,* ----U.S. ----, 124 S.Ct. 2519 (2004),
holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428
(2002), which extended application of *Apprendi* . . . , is not
retroactive to cases on collateral review.  *Summerlin,* 124
S.Ct. at 2526.  *See also Blakely,* 124 S.Ct. at 2548-49.

*In re Dean,* 375 F.3d at 1290.   Because other Circuits had come to conclusions contrary to

that of the Eleventh Circuit Court of Appeals, the United States Supreme Court took under

joint consideration two cases which had raised issues as to the effect of *Blakely* on the U.S.

Sentencing Guidelines,  to wit., *United States v. Booker,* and *United States v. Fanfan,* – U.S.

—, No.04-104, and No.04-105.  On January 12, 2005, the Supreme Court issued its decision

holding:

We reaffirm our holding in *Apprendi*: Any fact (other than a
prior conviction) which is necessary to support a sentence
exceeding the maximum authorized by the facts established by
a plea of guilty or a jury verdict must be admitted by the
defendant or proved to a jury beyond a reasonable doubt.

4

*Id.,* at 12.   The Supreme Court went on to directly address the retroactive application of its

decision at page 23, holding:

> [W]e must apply the Sixth Amendment holding and our
> remedial interpretation of the Sentencing Act – to all cases on
> direct review.   See *Griffin v. Kentucky,* 479 U.S. 314, 328
> (1987) ([A] new rule for the conduct of criminal prosecutions
> is to be applied retroactively to all cases ... pending on direct
> review or not yet final, *with no exception for cases in which the
> new rule constitutes a clear break with the past).*(emphasis
> added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S.
> 749, 752 (1995).

The *Reynoldsville* case, referenced in the above section of the Supreme Court's

decision, ruled that, "New legal principles, even when applied retroactively, do not apply

to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039

(Harlan, J., concurring) (at some point, "the rights of the parties should be considered

frozen" and a "conviction ...  final")**.**

The United States Supreme Court has made it clear that neither the *Blakely* holding,

nor its extension by the *Booker - Fanfan* cases are to be given retroactive application to

closed cases on collateral review such as Petitioner's §2255 collateral attack on his sentence.

Petitioner's inferred claim that his sentence was improperly enhanced by

consideration of relevant conduct is also contrary to existing law.  "The law in this circuit

clearly states that *Apprendi* does not apply to relevant conduct under the guidelines."  U.S.

v. Gallego, 247 F.3d 1191, 1201 (11th Cir. 2001); U.S. v. McClain, 2001WL 585707 (11th

Cir. 5/30/01); U.S. v. Diaz, 248 F.3d 1065 (11th Cir. 2001); U.S. v. Harris, 244 F.3d 828,

(11th Cir. 2001).  *See United States v. Nealy,* 232 F.3d 825, 829 (11th Cir. 2000), (This circuit applies *Apprendi* to sentencing under 21 U.S.C. §841(b)(1)(A) & (B), which determine sentencing ranges based on drug quantity.  *United States v. Rogers,* 228 F.3d 1318, 1326-27 (11th Cir. 2000)).   Since the Supreme Court decision in *Booker - Fanfan,* the Eleventh Circuit Court of Appeals has reaffirmed, in *United States v. Rodriguez,* 2005WL272952 (11th Cir. February 4, 2005),  its position in regard to consideration of relevant conduct under the advisory-sentencing guideline development.

Petitioner Jones' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is time-barred, because he allowed more than one year to elapse after his sentence became final on September 23, 2003, before he filed his § 2255 Motion on January 11, 2005.  His Motion is not saved by *Blakely,* or the *Booker- Fanfan* rulings, because neither were made retroactively applicable to cases on collateral review.  Therefore, this court has no authority to further consider Petitioner Jones' Motion to Vacate, Set Aside, or Correct Sentence, or his discovery Motion For Grand Jury Transcripts.

WHEREFORE, IT IS RECOMMENDED for all of the foregoing reasons  stated that Petitioner's Motions be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of February 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE